IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

**WILLIAM L. HATLEY, III,**
**ET UX,**

      Plaintiffs-Appellees,

Vs.

**JOSEPH L. MCDANIEL, ETC.,**

      Defendant-Appellant.

FROM THE CAMDEN CHANCERY
COURT, No. 9258
THE HON. WALTON WEST,
CHANCELLOR
C.A. No. 02A01-9806-CH-00162

***AFFIRMED AND REMANDED***

Terry J. Leonard; Hicks & Leonard
of Camden, For Appellees

Joseph L. McDaniel, pro se

FILED

March 17, 1999

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

MEMORANDUM OPINION[1]

_____

*CRAWFORD, J.*

      This is a suit for specific performance of a real estate contract. Defendant, Joseph McDaniel, a.k.a. John O. Smith, appeals from the order of the trial court in favor of the Plaintiffs, William L. Hatley, III and Tami R. Hatley.

      In early 1997, the Hatleys entered into a contract with John O. Smith for the purchase of two parcels of real property located in Benton County, Tennessee for the sum of $17,000.00. The contract was signed on January 10, 1997 by M.L. Smith Morgan on behalf of John O. Smith. On February 17, 1997, the contract was signed by William L. Hatley, III. On March 24, 1997, a warranty deed was executed by John O. Smith with M.L. Smith Morgan signing on his behalf. The warranty deed contained "restrictions" stating that for the deed to become valid, a bank officer must certify that by bank wire the purchase price plus other fees were deposited to Smith's bank account on or before March 31, 1997.

      Both the contract and the warranty deed contain a description of the two parcels of real property along with the following: "The above described is a portion of the property acquired by Joe L. McDaniel and wife, Sheila McDaniel, from the Heirs of Opal and Guy Chapel. . . ."

---

[1] Rule 10 (Court of Appeals). *Memorandum Opinion.*--(b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

While not present in the record, the parties state that there is a quit claim deed in which the McDaniels conveyed the two parcels of real estate to John O. Smith.

On April 4, 1997, the Hatleys filed a complaint alleging that John O. Smith had breached the real estate contract in that he "failed to make and deliver an appropriate deed of conveyance." In their complaint, the Hatleys state that through no fault of theirs, they were unable to wire the necessary funds, but contend that they have been ready, willing and able to do so in order to close on the sale. The Hatleys allege that they attempted to wire the purchase money, but could not do so because the bank required Smith's social security number and because the bank would not provide the account number for the transfer of the funds. Moreover, the Hatleys allege that subsequent to a communication to Smith that they needed the account number and social security number, Smith refused to honor the contract and stated that the real estate was going to be sold to someone else. The Hatleys request relief in the form of specific performance.

On October 7, 1997, the Hatleys filed an amended complaint naming as defendant, Joseph L. McDaniel, a.k.a John O. Smith. The defendant did not file an answer, however, he did file a Motion to Dismiss for failure to state a claim and, in the alternative, a Motion to Hold in Abeyance pending his release from prison, both of which were denied by the trial court.

On May 20, 1998, a hearing was held but the defendant did not appear. On May 22, 1998, the trial court entered an order granting the Hatleys specific performance. The trial court found that John O. Smith and Joseph L. McDaniel were one and the same person. The trial court further determined that the defendant had executed a contract for the sale of the two parcels of real estate in question and found that the Hatleys did accept the contract within the time allowed. Having found the foregoing, the trial court determined that the Hatleys were entitled to specific performance of the contract and ordered them to tender the sum of $17,000.00 to the Clerk and Master to be held for the benefit of the defendant.

The defendant perfected this appeal and presented the following issue in his brief for our review:

> Whether the trial court erred when there was no evidence to establish that Appellant Joseph L. McDaniel and John O. Smith were one and the same person.

During oral argument, the defendant conceded that Joseph L. McDaniel and John O.

2

Smith were one and the same person and stated that this was not an issue. Rather, he raised the issue of whether the Hatleys were in breach of the contract by failing to fulfill the condition precedent of bank wiring the purchase money into his account before or on March 31, 1997. Furthermore, during oral argument, the defendant asserted that he had not received notice of the hearing. However, in his brief, the defendant contradicts this assertion by stating that he had received notice of the hearing but was unable to attend because his parole officer would not permit him to leave Shelby County, Tennessee to attend the hearing in Benton County. In his reply brief, defendant contends there was no proof at trial that M. L. Smith Morgan was acting for him.

Since this case was tried by the trial court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. T.R.A.P. 13(d).

Tami Renee Hatley's testimony affirmed the allegations of the complaint. From a review of the very meager record, we find that the evidence does not preponderate against the findings of the trial court. The fact is conceded by the defendant that Joseph L. McDaniel and John O. Smith are one and the same, and the testimony of Steve Russell in the record supports this conclusion by the trial court. The defendant, at oral argument, also conceded that M.L. Smith Morgan was an agent of John O. Smith when signing the contract, and there is no proof presented otherwise. Furthermore, the proof does not preponderate against the trial court's finding that the Hatleys were ready, willing and able to carry out the contract and had actually attempted to do such. Finally, the defendant's contention with regard to notice is without merit since he admits in his brief that he had received notice.

Accordingly, the order of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

_____

3

**ALAN E. HIGHERS, JUDGE**

_____

**DAVID R. FARMER, JUDGE**